UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAROSLAW JABLONOWSKI, ) | |
| ) | |
| Petitioner ) | |
| ) | Civil Action No. |
| v. ) | 04CV12392-GAO |
| ) | |
| UNITED STATES, ) | |
| ) | |
| ) | |
| Respondent[1] ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Respondent moves to dismiss this case because petitioner, who has challenged only his continuing detention pending removal, has now been removed from the United States, on November 12, 2004. See Attachment A, executed Warrant of Removal.

Accordingly, the case should now be dismissed as moot.

ARGUMENT

I.  PETITIONER HAS BEEN REMOVED AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome . . . or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston &

---

[1] The responsive official of the Department of Homeland Security responsible for enforcement of petitioner's removal order in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

<u>Maine Corp. v. Brotherhood of Maintenance of Way Employees</u>, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law."  Laurence H. Tribe, <u>American Constitutional Law</u> S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case.  U.S. Const. art. III, S. 2  et seq.;  <u>see</u> also <u>U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership</u>, 115 S.Ct. 386, 390 (1994).

Because the petitioner has indicated "I don't want to [delay] my case in prison", and "I wish to come back to my family sooner", the result sought in the petition has now been effected by petitioner's removal from the United States on November 12, 2004, <u>see</u> Attachment A, and there is no live case or controversy.  See also <u>Soliman v. USA, ex rel. INS</u>, 296 F.3d 1237 (11th Cir. 2002) (alien's challenge to length of post-order detention under section 1231(a)(6) was mooted upon his removal from the United States); <u>Miranda v. Reno</u>, 238 F.3d 1156, 1159 (9th Cir. 2001) ("No interpretation of [28 U.S.C.] § 2241 that is not utterly at war with its plain language permits us to exercise habeas corpus jurisdiction over Miranda's claims.  Immigrants who have already been removed, such as Miranda, do

not satisfy the 'in custody' requirement of habeas corpus jurisdiction.").

Accordingly the petition should be dismissed as moot.

## CONCLUSION

Because there is no present case or controversy, this action should be dismissed for mootness.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
United States Immigration &
Naturalization Service
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415


**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail at his last place of detention on November 17, 2004.

s/Frank Crowley
FRANK CROWLEY
Special Assistant U.S. Attorney
United States Immigration &
Naturalization Service
P.O. Box 8728
J.F.K. Station
Boston, MA 02114

File No: A77 937 472

Date: April 15, 2004

**To any officer of the United States Immigration and Naturalization Service:**

JABLONOWSKI, Jaroslaw
(Full name of alien)

who entered the United States at or near   New York, NY   on or about   June 15, 2000
                                           (Place of entry)                (Date of entry)

is subject to removal/deportation from the United States, based upon a final order by:

☒ an immigration judge in exclusion, deportation, or removal proceedings
☐ a district director or a district director's designated official
☐ the Board of Immigration Appeals
☐ a United States District or Magistrate Court Judge

and pursuant to the following provisions of the Immigration and Nationality Act:

Section 237 (a)(1)(B) of the Immigration and Nationality Act.

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Attorney General under the laws of the United States and by his or her direction, command you to take into custody and remove from the United States the above-named alien, pursuant to law, at the expense of: *appropriation "Salaries and Expenses, Immigration and Naturalization Service, 2004, including the expenses of an attendant if necessary.*

_____
(Signature of INS official)

Interim Deputy Field Office Director
(Title of INS official)

May 10, 2004 - New York Field Office
(Date and office location)

Form I-205 (Rev 4-1-97)N

To be completed by Service officer executing the warrant:
Name of alien being removed:
JABLONOWSKI, Jaroslaw

Port, date, and manner of removal: NOV 1 2 2004 Boston/Logan AA #108

Photograph of alien
removed

Right index fingerprint
of alien removed

x Jablonowski
(Signature of alien being fingerprinted)

_____, I.E.A.
(Signature and title of INS official taking print)

Departure witnessed by: Alex Godinez  IEA
(Signature and title of INS Official)

If actual departure is not witnessed, fully identify source or means of verification of departure:

_____
_____
_____
_____

If self-removal (self-deportation), pursuant to 8 CFR 241.7, check here.  ☐

Departure Verified by: _____
(Signature and title of INS official)

Form I-205 (Rev 4-1-97)N

26 Federal Plaza
New York, NY 10278

File No: A77 937 472- DB/ HHH
Date: January 24, 2001

Alien's full name: JABLONOWSKI, Jarolaw

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☐ For a period of 5 years from the date of your departure from the United States because you have been found deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated upon your arrival in the United States as a returning lawful permanent resident.

☒ For a period of 10 years from the date of your departure from the United States because you have been found:
  ☒ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
  ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated as a result of your having been present in the United States without admission or parole.
  ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.
  ☐ deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act by an immigration officer, a judge of a United States district court, or a magistrate of a United States magistrate court.

☐ For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:
  ☐ inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
  ☐ deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.
  ☐ deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.
  ☐ deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.
  ☐ to have reentered the United States illegally and have had the prior order reinstated under section 241 (a)(5) of the Act.

☐ At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated. You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consular office of the United States Immigration and Naturalization Service. Refer to the above file number when requesting form information.

**WARNING:** Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States during the period in which he or she is barred from so doing without the Attorney General's express consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.

(Signature of officer serving warning)  Deportation Officer  NYC
                                        (Title of officer)    (Location of INS office)

Form I-294 (4-1-97)N

I ACKNOWLEDGE RECEIPT OF THIS NOTICE  X J. Jablonowski
(DATE) NOV 1 2 2004